12827

STATE v. MALPHRUS

(151 S. E., 572)

*Mr. Chas. E. Perry, Jr.,* for appellant,

*Solicitor Randolph Murdaugh,* for the State.

February 6, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The defendant, E. E. Malphrus, was indicted and tried in the Court of General Sessions for Jasper County on the

charge of transporting and having in possession alcoholic liquors, in violation of the Prohibition Law (Cr. Code 1922, §§ 820-888, as amended), and having been convicted, on the charge of possession, from the verdict of the jury and sentence imposed by the Court, he has appealed to this Court, imputing error to the trial Judge in three particulars.

Appellant's first exception is as follows: "It was error on the part of his Honor, the presiding Judge, to overrule counsel's motion for a directed verdict of not guilty."

In this exception appellant fails to state the grounds upon which his motion for a directed verdict was based. While an exception should not be argumentative and should not be unnecessarily lengthy, it should make a brief reference to the facts upon which the alleged error is based and clearly state the question intended to be raised. In his exception the appellant should have stated the grounds upon which the motion for a directed verdict was made, and for this failure the exception is objectionable. But waiving this objection, and reading into the exception the grounds upon which the motion was based, the exception in our opinion should not be sustained.

The defendant's motion for direction of a verdict, as disclosed by the transcript of record, in substance was that there was no evidence to support a verdict of guilty. The motion was made at the close of the introduction of testimony for the State, and after the motion was refused, the presiding Judge, his Honor, Judge J. Henry Johnson, permitted the defendant to introduce testimony on his behalf. Following statement by Solicitor Murdaugh, who conducted the case for the State, that the State did not ask for a conviction on the charge of transporting, his Honor, Judge Johnson, directed a verdict for the defendant on that charge, and only the charge of possession was submitted to the jury. An examination of the testimony convinces us that there was evidence in support of that charge, the charge of possession, and it was proper for his Honor

to refuse defendant's motion. There was proof to the effect that when the officers, armed with a search warrant, searched the house and premises where the defendant and his wife resided at the time in question, they found in an automobile on his premises, within one or two steps from the steps of his house, a small quantity of contraband whisky; that the automobile at the time and for two or three weeks prior thereto was in possession of the defendant and was used and driven by the defendant and by him only; that this automobile in which the whisky was found was driven by the defendant Sunday night prior to the finding of the whisky therein early the following morning, and placed at the place by the defendant; that on the night, prior to the search about daylight the following morning, the officers located a whisky distillery in a swamp about two miles from where the defendant resided, which distillery had been recently in operation, and there was evidence to the effect that the automobile in question was tracked from the distillery to the house where defendant resided and at which house the automobile was standing when the whisky in question was found in it early the following morning. This testimony, in our opinion, warranted the trial Judge in submitting the case to the jury on the charge of possession, and defendant's motion for a direction of a verdict was properly refused; notwithstanding the fact that there was testimony to the effect that others also resided in the house in question.

In the appellant's second exception, he alleges, "that the Solicitor during the cross examination of the defendant, committed such misconduct as would and did, preclude the defendant from getting a fair and impartial trial as guaranteed by the Constitution of the State of South Carolina."

Under this exception appellant does not point out any misconduct the Solicitor was guilty of, and on examination of the transcript of record convinces us that the charge was made under a misapprehension.

The third and last exception of the appellant is as follows: "That it was error on the part of his Honor, the presiding Judge, to overrule counsel's objection to the question, 'I asked you how much you planted' propounded by the Solicitor to the defendant."

In our opinion the question was permissible, and that it was in no sense prejudicial.

The exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.